UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re

TRACY M. DIXON,

    Debtor.

Case No. 05-80643
Chapter 13

TRACY M. DIXON and
RICHARD J. DIXON,

    Plaintiffs,

v.

GREEN TREE, INC.

    Defendant.

Adv. Pro. No. 06-8054

## MEMORANDUM DECISION

This Adversary Proceeding is before the Court upon the Motion to Compel Arbitration filed by Defendant Green Tree, Inc. (Docs. 5, 6, 10). The Plaintiffs have filed an opposition. (Doc. 9). For the reasons set forth below, the Motion to Compel Arbitration is GRANTED.

## I. FACTS

In 2001, the Plaintiffs Tracy and Richard Dixon entered into an installment sales contract with the Defendant Green Tree, whereby the Dixons purchased a mobile home. Through the purchase, the Dixons entered into an agreement referred to a "Manufactured Home Transfer of Equity and Assumption Agreement." (Doc. 5, Ex. B). The agreement contained an arbitration provision, and it was signed by both the Dixons. (Id. at p. 3).

Sometime in 2003 the Dixons defaulted on their payments, and Green Tree repossessed

the mobile home. The Dixons allege that they were never notified of the sale of the mobile home. They further allege that beginning in 2005, they received harassing phone calls from Green Tree demanding a deficiency balance of approximately $36,000. On April 25, 2005, Tracy Dixon filed for relief under Chapter 13 of the Bankruptcy Code. (Case No. 05-80643). It is also important to note here that Green Tree has not filed a deficiency claim in Tracy Dixon's Bankruptcy Case.

On December 29, 2006, the Dixons filed this Adversary Proceeding against Green Tree. (Case No. 06-8054, Doc. 1). Their complaint alleges ten counts: In Count I, the Dixons allege that Green Tree's sale of the mobile home was not conducted in a commercially reasonable manner as required by ALA. CODE § 7-9A-610. Count II alleges that under Alabama's Election of Remedies statute, Green Tree exercised its remedy to repossess the home, thereby barring it from seeking a deficiency balance. In Count III, the Dixons allege that Green Tree failed to provide them with their statutory right to cure before selling the mobile home. In Count IV, the Dixons claim that Green Tree violated ALA. CODE § 7-9A-625 when it refused to provide them with a correct deficiency breakdown. Count V alleges that Green Tree's repossession of the mobile home was a conversion, because Green Tree did not have a valid security interest in it. In Count VI, the Dixons assert that several actions taken by Green Tree were violations of the UCC, as incorporated into ALA. CODE § 7-9A-611. In Count VII, the Dixons claim that Green Tree breached its duty of good faith as required by ALA. CODE § 7-1-203. Count VIII asserts violations of the Alabama Unfair and Deceptive Acts and Practices statute. In Count IX, the Dixons claim that in failing to provide them with the correct deficiency calculations, Green Tree violated the Federal Truth in Lending Act. Finally, Count X alleges that Green Tree

2

misrepresented the year of the mobile home which they purchased.  All of these counts are based on state law causes of action, save Count IX, which alleges violations of the Federal Truth in Lending Act.

On January 4, 2007, Green Tree filed a motion to compel arbitration.  (Doc. 5).  Dixon opposes the motion.  (Doc. 9).  This Court held a hearing on the motion on February 13, 2007, at 9:00 a.m.  Both parties appeared telephonically at the hearing and argued their respective positions.

## II. CONCLUSIONS OF LAW

Citing to the provisions of the arbitration provision in the agreement, Green Tree contends that this Adversary Proceeding should be referred to arbitration. The Eleventh Circuit recently decided a case where it set out the standard for determining whether an arbitration agreement is enforceable in bankruptcy court.  Whiting-Turner Contracting Co. v. Electric Machinery Enterprises, Inc. (In re Electric Machinery Enterprises, Inc.), __ F.3d __, 2007 WL 548781 (11th Cir. Feb. 23, 2007).  In that case, the court went through a step-by-step process to determine whether to compel arbitration of an adversary proceeding that was brought by a debtor in bankruptcy court.

First, the Eleventh Circuit determined whether the arbitration agreement in question was valid and enforceable.  The determination of the validity and enforceability of an agreement to arbitrate centers on "whether the parties agreed to submit their claims to arbitration."  Merrill v. MBNA American Bank, N.A. (In re Merrill), 343 B.R. 1, 5 (Bankr. D. Me. 2006) (quoting Green Tree Financial Corp. v. Randolph, 531 U.S. 79, 90, 121 S.Ct. 513, 521, 148 L.Ed.2d 373 (2000)).  The Federal Arbitration Act "establishes a federal policy favoring arbitration."  Electric

3

Case 06-08054   Doc 12   Filed 03/05/07   Entered 03/05/07 16:39:25   Desc Main
Document      Page 3 of 6

Machinery, at *3 (citing to Shearson/American Express, Inc. v. McMahon, 482 U.S. 220, 226, 107 S.Ct. 2332, 2337, 96 L.Ed.2d 185 (1987)). Furthermore, the "party opposing arbitration has the burden of proving 'that Congress intended to preclude a waiver of judicial remedies for [the particular claim] at issue.'" Id. (quoting McMahon, 482 U.S. at 227). Along with this inquiry, the Court must determine whether the claims fall within the scope of the arbitration agreement. See Stout v. Byrider, 228 F.3d 709, 714 (6th Cir. 2000).

Turning to the case at hand, Green Tree alleges that the arbitration provision signed by the Dixons is valid and enforceable. Green Tree further argues that the arbitration provision applies to all the claims alleged by the Dixons. The Dixons do not dispute the validity of the agreement itself; rather, they assert that their causes of action do not fall within the scope of the agreement. The arbitration provision at issue here provides:

> ARBITRATION. All disputes, claims or controversies arising from or relating to this Agreement or the parties thereto shall be resolved by binding arbitration by one arbitrator selected by you with my consent. This Agreement is made pursuant to a transaction in interstate commerce and shall by the Federal Arbitration Act at 9 U.S.C. Section 1. Judgment upon the award rendered may be entered in any court having jurisdiction. The parties agree and understand that they chose arbitration instead of litigation to resolve disputes. The parties understand that they have a right or opportunity to litigate disputes in court, but that they prefer to resolve their disputes through arbitration, except as provided herein. THE PARTIES VOLUNTARILY AND KNOWINGLY WAIVE ANY RIGHT THEY HAVE TO A JURY TRIAL, EITHER PURSUANT TO ARBITRATION UNDER THIS CLAUSE OR PURSUANT TO A COURT ACTION BY YOU (AS PROVIDED HEREIN). The parties agree and understand that all disputes arising under case law, statutory law, and all other laws, including but not limited to, all contract, tort and property disputes will be subject to binding arbitration in accord with this Agreement. The parties agree that the arbitrator shall have all powers provided by law, by the Agreement and the agreement of the parties. These powers shall include all legal and equitable remedies including, but not limited to, money damages, declaratory relief and injunctive relief. Notwithstanding anything to the contrary, you retain an option to use judicial (filing a lawsuit) or non-judicial relief to enforce a

4

Case 06-08054    Doc 12    Filed 03/05/07    Entered 03/05/07 16:39:25    Desc Main
Document      Page 4 of 6

> security agreement relating to the Manufactured Home secured in a transaction underlying this arbitration agreement, to enforce the monetary obligation secured by the Manufactured Home or the foreclose on the Manufactured Home. The institution and maintenance of a lawsuit to foreclose upon any collateral, to obtain a monetary judgment or enforce the security agreement shall not constitute a waiver of the right of any party t compel arbitration regarding any other dispute or remedy subject to arbitration in this Agreement, including the filing of a counterclaim in a suit brought by you pursuant to this provision.

(Doc. 5, Ex. B).

Since there is a strong presumption favoring the enforceability of arbitration agreements and the Dixons have not challenged the validity of the provision, this Court finds that the agreement in question here is both valid and enforceable. The Dixons did challenge the scope of the arbitration agreement. The agreement provides that it applies to "all disputes, claims or controversies arising from or relating to this Agreement or the parties thereto." (Id.) The scope of the agreement covers every dispute that could arise between the parties relating to the Dixon's purchase of the mobile home. Therefore, based on the language of the agreement itself, it applies to all causes of action that were alleged by the Dixons.

The second determination, as established by the Eleventh Circuit, is whether the arbitration agreement inherently conflicts with the purposes of the Bankruptcy Code. Electric Machinery, at *3. The court stated that "[c]ourts addressing the issue of whether arbitration inherently conflicts with the Bankruptcy Code distinguish between core and non-core proceedings." The court went on to hold that bankruptcy courts must enforce an arbitration agreement in a non-core proceeding. The court also held that if the proceeding is core, the bankruptcy court must analyze whether enforcing the agreement would create an inherent conflict. Id. The court also provided guidance for distinguishing between core and non-core

5

proceedings. The court held that a proceeding is core "if the proceeding is one that would arise only in bankruptcy," and that a non-core proceeding is one which "does not invoke a substantive right created by the federal bankruptcy law and . . . could exist outside of bankruptcy." Id. at *4.

The Dixon's claims against Green Tree consist of various state law causes of action with one federal law claim. As the Eleventh Circuit held, a core proceeding is one that would arise only in bankruptcy. Based on Dixon's complaint, it appears that these claims could arise in state court or federal court, regardless of whether Dixon had filed for bankruptcy. Further, it appears that none of the claims invokes a substantive right that is created by the Bankruptcy Code. As such, these claims are non-core. As this Court finds that all of Dixon's claims are non-core, it need not address whether the arbitration provision creates an inherent conflict with the purposes of the Bankruptcy Code.

### III. CONCLUSION

This Court finds that the arbitration agreement here is valid and enforceable, and that the scope of the agreement covers the claims at issue here. This Court further finds that the claims asserted by the Dixons are non-core. Because the Eleventh Circuit has held that a Bankruptcy Court has no discretion as whether to refer non-core matters to arbitration, the motion to compel arbitration is granted. This matter is referred to arbitration in accordance with the parties' agreement.

Done this the 5th day of March, 2007.

/s/ William R. Sawyer
United States Bankruptcy Judge

6

Case 06-08054    Doc 12    Filed 03/05/07    Entered 03/05/07 16:39:25    Desc Main
Document      Page 6 of 6